UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,    HON. GEORGE CARAM STEEH
                             CASE NO. 18-20211
    Plaintiff,

vs.

MICHAEL DAVIS,

    Defendant.
_____/

**MOTION FOR REDUCTION OF SENTENCE PURSUANT TO
18 USC SECTION 3582(C)(1)(A)(I) OR
RECOMMENDATION TO BUREAU OF PRISONS FOR HOME
CONFINEMENT PURSUANT TO 18 USC SECTION 3624(C)(2)
ORAL ARGUMENT WAIVED**

Now Comes the Defendant, Michael Davis, by and through his counsel, Steven Scharg, and hereby files this motion to re-sentence him to a sentence of imprisonment of time served or alternatively, a sentence of time served followed by a term of supervised release, pursuant to 18 USC Section 3582(c)(1)(A)(i), as amended by Section 603(b)(1) of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018). Alternatively, Davis seeks a Judicial Recommendation to the Bureau of Prisons to transfer him to home

1

confinement pursuant to 18 USC Section 12003(b)(2), Coronavirus Aid, Relief, and Economic Security Act ("CARES ACT").

1. Defendant Davis was Indicted in a single count Indictment charging violation of 18 USC Section 401(3), Criminal Contempt on March 28, 2018.

2. Defendant was Superseded on September 6, 2018 charged in a two count Indictment in violation of 18 USC Section 401(3) Criminal Contempt and 18 USC Section 1503 Obstruction of Justice.

3. Davis entered a plea without a Rule 11 Agreement on November 19, 2018 as to both counts and was sentenced to 70 months and two years supervised release.

4. Defendant Davis is currently incarcerated at FCI Beaumont, in Beaumont, Texas.

5. Defendant Davis, who is African descent, was diagnosed with severe asthma when he was younger and requires medication and treatment for his condition. As such, he is at far greater risk of serious complications or death if he contracts COVID-19.

6. If released, either outright or to home confinement, he would live with his significant other, Jessica Williams, and could be

immediately employed at Little Image Clothing in St. Clair Shores, Michigan.

7. There has been an outbreak of the COVID-19 virus throughout the prison and Defendant Davis is very concerned that it can cause extreme medical problems to himself if he catches that disease.

8. Defendant Davis reports that it is impossible to seek redress for his situation through petition to the Warden because neither the Warden or Assistant Warden have not been available to address Defendant Davis' concern since the outbreak of the virus.

9. Defendant Davis has attempted to petition the FCI Beaumont Warden for compassionate release under 18 USC Section 3582(c)(1)(A)(i), but under the current conditions and circumstances, his motion should not be denied for failure to exhaust administrative remedies because relevant case law demonstrates that the Court may waive the exhaustion requirement under circumstances such as these.

10. Defendant Davis files this motion for relief from his sentence on an emergency basis because time is of the essence.

WHEREFORE, the Defendant respectfully request that this Honorable Court enter an order immediately resentencing him and releasing him from custody, or into supervised release with any

necessary conditions or, in the alternative, to issue a recommendation to the Bureau of Prisons that Mr. Davis be immediately considered for home confinement for the duration of his sentence.

                                                Respectfully submitted,

                                                s/Steven Scharg
                                                STEVEN SCHARG
                                                Attorney for Defendant
                                                615 Griswold, Suite 1125
                                                Detroit, Michigan 48226
                                                (313) 300-0214
                                                Scharg1924@gmail.com

Dated: May 1, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,          HON. GEORGE CARAM STEEH
                                    CASE NO. 18-20211
    Plaintiff,

vs.

MICHAEL DAVIS,

    Defendant.
_____/

**BRIEF IN SUPPORT OF REDUCTION OF SENTENCE PURSUANT TO
18 USC SECTION 3582(C)(1)(A)(I) OR
RECOMMENDATION TO BUREAU OF PRISONS FOR HOME
CONFINEMENT PURSUANT TO 18 USC SECTION 3624(C)(2)
ORAL ARGUMENT WAIVED**

1. **INTRODUCTION**

    COVID-19 is a viral respiratory illness caused by a novel coronavirus first identified, in Hubel Province, China, in December 2019. See Centrs. F Disease Contrl., What you need to know about coronavirus disease 2019 (COVID-19),

https://www.cdc.gov/coronavirus/2019-ncov/downloads/2019-ncov-factsheet.pdf; see also New Scientist, Covid-19, https://www.newscientist.com/term/covid-19/.

    Since its discovery in Wuhan, cases of COVID-19 have spread to over

114 countries.  To date, at least one hundred and fourteen thousand people worldwide and over twenty-two thousand Americans have died. https://www.statista.com/statistics/1093256/novel-coronavirus-2019ncov-deaths-worldwide-by-country/.

Prison facilities are especially susceptible to the transmissions of this virus and there are little if no reasonable precautions that can be taken to reduce the risk.  See, Declaration for Persons in Detention and Detention Staff COVID-19 Chris Beyrer, MD, MPH Professor of Epidemiology John Hopkins Bloomberg School of Public Health Baltimore, Md.

 http://www.wisconsinappeals.net/wp-content/uploads/2020/03/Beyrer-Declaration-C3.pdf.

Defendant Davis is a 29 year old African American man.  He has a GED and has achieved a certificate from the State of Michigan in Custodial Maintenance.  Mr. Davis has suffered from Asthma at a very young age.  His serious asthma condition is documented in his BOP inmate file.

Defendant Davis was indicted as a result of his failure to testify at a trial involving the Seven Mile Blood gang.  Defendant Davis was leaving his parole office with another individual when they were ambushed by

6

the Seven Mile Bloods. Defendant Davis was shot in the chest and his friend was murdered. Defendant Davis refused to testify due to jeopardizing the safety of his family and himself. This Honorable Court sentenced Mr. Davis to 70 months.

## 2. ARGUMENT

### A. DEFENDANT SHOULD BE RESENTENCED TO TIMESERVED AND RELEASED FROM CUSTODY UNDER 18 USC SECTION 3582(C)(1)(A).

In light of the COVID-19 world pandemic, Attorney General William Barr issued a memorandum on March 26, 2020, authorizing BOP to transfer at-risk, non-violent inmates who pose minimal likelihood of recidivism from BOP facilities to home confinement to protect the safety of BOP personnel and the inmate population in the face of COVID-19. Barr recognized that some inmates may be safer at home than in BOP facilities. Davis is such an inmate. The legislation enacted in follow-up to the memorandum on March 27, 2020, temporarily permits the Attorney General to "lengthen the maximum amount of time for which [it] is authorized to place a prisoner in home confinement" under Section 3624(c)(2). Coronavirus Aid, Relief, and Economic Security Act (CARES Act"), Section 12003(b)(2)(enacted March 27, 2020).

The compassionate release statute now states, in relevant part:

(A). The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant had fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the laps of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of their original term of imprisonment), after considering the factors as set forth in 3553(a) to the extent that they are applicable, if it finds that….

(i)Extraordinary and compelling reasons warrant such a reduction. 18 USC Section 3582.

Mr. Davis will address the applicability of both the "exhaustion of administrative remedies" provision as well as the "extraordinary and compelling reasons" factors.

### 1. *Administrative Remedies*

First, to mandate that Mr. Davis demonstrate exhaustion of all of his administrative remedies under circumstances of a deadly world pandemic-where minutes and hours could mean the difference between life and death-would be lethally parochial and pedantic. When Section 3582 was drafted, its writers couldn't possibly have imagined a world pandemic such as we find ourselves in now, nor could they have

8

imagined the chaos going through the federal prison system. Davis has

attempted to petition the Warden for compassionate release. Under such circmstances, strict adherence to procedural loopholes is the

equivalent of the denial of any real mechanism of relief whatsoever and

would frustrate the very spirit of Attorney General Barr's Memorandum

and the CARES Act itself. Time matters.

Of equal importance, the Court may waive the exhaustion

requirement if a recognized exception applies. United States v Wilson

Perez, No. 17-CR-513-3(AT), 2020 WL 1546422 at *2-3 (S.D.N.Y. April 1,

2020); Washington v. Barr, 925 F3d 109, 118 (2nd Cir. 2019)("Even

where exhaustion is seemingly mandated by statute…the equirement is

not absolute"). Recognized exceptions include waiver of exhaustion

"where it would be futile". Washington, 925 F3d 118.

Here, Davis' attempts at administrative remedy would be futile for

several reasons. First, the situation in Beaumont is clearly chaos.

Management is effectively inaccessible, and even if this was not the case,

the delay required by administrative remedy (an absolute minimum of

30 days if the Warden does not repond to the request) could easily itself

prove fatal, especially for a person such as Davis who suffers from

severe asthma. The CDC identified high-risk conditions, which include:

9

"[p}eople with chronic lung disease or moderate to sever asthma." Awshana et al. v Adducci, 20-10699 (E.D. Mich 2020, Judge Lawson) citing, Ctrs. For Disease Control and Prevention (March 31, 2020) "People Who are At Higher risk for Severe Illness".

### 2. *Extraordinary and Compelling Reasons*

18 USC Section 3582 cites" serious physical or medical condition" as one of the factors that may warrant relief under the statute. It also provides that if there exists, within defendant's case, an extraordinary or compelling reason "other than or in combination with, the reasons" (specified) in earlier subsections, such relief may be appropriate under the statute's "catch all". Section 3582(c)(1)(D). Davis suffers from severe asthma. This condition is directly relevant to his chances of surviving a COVID-19 infection,

https://www.vox.com/2020/4/11/21217040/coronavirus-in-us-air-pollution-asthma-black-americans, see also, Awshna et al, supra; "People Who Are at Higher Risk for Severe Illness", supra. Moreover, Davis is male and African American. Studies show that males, and particularly men of African descent are at much higher risk of serious complications and death from COVID-19. See, Why are Blacks Dying at Higher Rates from COVID-19?, Brookings, April 9, 2020.

10

https://www.brookings.edu/blog/fixgov/2020/04/09/why-are-blacks-dying-at-higher-rates-from-covid-19/.

Serious medical conditions such as asthma, especially vulnerable population of African American males, should qualify as a specified extraordinary and compelling reason for release under Section 3582(c)(1)(A)(ii)(I). Davis' medical condition should also be considered under Section 3582's "Other Reasons" catch-all provision which would allow the Court to also consider, alone or in conjunction with Davis' medical condition, the current COVID-19 pandemic and its infestation of the Beaumont facility. Section 3582(c)(1)(D). U.S.S.G. 1B1.13.

Numerous courts have agreed that compassionate release under similar circumstances is warranted and appropriate. Miller, supra; United States v Andre Williams, Case No. 04-cr-95/MCR, at *7 (N.D. Fla. April 1, 2020); United States v Teresa Ann Gonzalez, No. 2:18-CR-0243-TOR-15, 2020 WL 1536155, at *3 (E.D. Wash. Mar 31); United States v Campagna, No. 16 Cr. 78-01 (LGS), 2020 WL 1489829, at *3 (S.D.N.Y. Mar. 27, 2020); United States v Muniz, No. 4:09-CR-0199-1 2020 WL 1540325 (S.D. Tex. Mar. 30, 2020) at *2. Defendant Davis pleads this Court to follow suit, waive the administrative remedy exhaustion

11

requirement and resentence him to time served.

Finally, a sentence reduction is consistent with and supported by the factors in 18 U.S.C. Section 3553(a), whose consideration is mandated by Section 3582(c)(1)(A) "to the extent they are applicable." Two of those factors now carry more weight than at the time of sentencing: (1) "the history and characteristics of the defendant," 18 U.S.C. Section 3553(a)(1); and (2) "then need for the sentence imposed…to provide the defendant with …medical care…in the most effective manner," 18 U.S.C. Section 3553(a)(2)(D).

Defendant Davis was convicted of a non-violent offense. He is not on any probation or parole at this time. Defendant can be picked up by his mother or significant other. He has a stable home environment from which to return. Defendant Davis has employment as soon as he is released from custody. He also has a good prison record. Defendant Davis needs appropriate care for his medical condition and must effectively quarantine until a vaccine is developed. All relevant factors make him a candidate for resentencing to time served or home confinement.

### B. IF COMPASSIONATE RELEASE IS FOUND TO BE UNAVAILABLE, THIS COURT SHOULD ISSUE AN ORDER TO THE BUREAU OF PRISONS RECOMMENDING DAVIS BE RELEASED TO HOME CONFINEMENT UNDER 18 U.S.C. SECTION 3624(C)

While authority to render a determination that a defendant be released to home confinement is allocated to the Attorney General, and the Bureau of Prisons, which operates under his authority.  However, the Bureau of Prisons routinely relies on judicial recommendations that express the district judge's determination of how a defendant should serve his time.  18 U.S.C. Section 3621(b) gives the Bureau of Prisons a list of factors to consider when determining where to house an incarcerated person, their security designation, and their mental and medical needs.  One of the factors is "any statement by the Court that imposed the sentence".  Other relevant factors that weigh heavily in Davis' favor include a stable, crime free home to which he can return and the ability to obtain employment (including most likely a "work from home" scenario)".  While the defendant has great concern regarding the facilities ability, or inclination, to honor such recommendation-especially under these circumstances; this remedy is also available to the Court and Mr. Davis would be grateful to the Court for its consideration.

13

In a recent opinion authored by this Court's colleague, Judge Arthur Tarnow, in United States v Rasjesh Doshi, Case No. 13-CR-20349 (E.D. Mich March 31, 2020), the Court did exactly that. In Doshi, the Court recognized the expanded temporary powers of the Attorney General to lengthen the maximum time for which home confinement is authorized under Section 3624(c)(2); Coronavirus Aid, Relief and Economic Security Act ("CARES ACT"). Section 12003(b)(2) (enacted Mar. 27, 2020). While recognizing that the powers enumerated in the statute are vested in the Executive, the Doshi Court, in granting the Defendant's (who suffered from medical conditions making the threat of COVID-19 more serious) request for a Judicial Recommendation to the Bureau of Prisons for home confinement, held that the defendant "is among those who should have their incarceration converted to home confinement, consistent with Congress' determination that the home confinement qualifications should be expanded during the emergency period. Id. (internal citations omitted).

Under the circumstances set forth herein, Mr. Davis is, at the very least, an appropriate candidate for a judicial recommendation for home detention for the duration of his sentence.

WHEREFORE, Defendant Davis respectfully prays this Honorable

Court for the following relief:

1. Resentence Defendant Davis under 18 U.S.C. Section 3582 to time served, with or without supervised release and direct the Bureau of Prisons to release him from custody immediately, or,

2. Issue a formal recommendation to the Bureau of Prisons and the Warden of FCI Beaumont, recommending that Defendant Davis be released to serve the remainder of his sentence in home confinement pursuant to 18 U.S.C. 3624(c) (CARES ACT) and Attorney General Barr's March 26, 2020 Memorandum.

                                                              Respectfully submitted,

                                                        s/Steven Scharg  
                                                        STEVEN SCHARG (P43732)  
                                                        Attorney for Defendant  
                                                        615 Griswold, Suite 1125  
                                                        Detroit, Michigan 48226  
                                                        (313) 300-0214  
                                                        Scharg1924@gmail.com

Dated:  May 1, 2020

## **CERTIFICATE OF SERVICE**

I hereby state that I served Assistant U.S. Attorney, Rajesh Presard, with a copy of this Motion by ECF filing on this 1st day of May, 2020 at:

Rajesh.presard@usdoj.gov


        s/Steven Scharg
        STEVEN SCHARG (P43732)
        Attorney for Defendant
        615 Griswold, Suite 1125
        Detroit, Michigan 48226
        (313) 300-0214
        Scharg1924@gmail.com