UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MICHAEL DAVIS,

    Defendant.
_____/

Case No. 18-20211

HON. GEORGE CARAM STEEH

ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S
MOTION TO CREDIT TIME SERVED IN CUSTODY [ECF No. 35]

    Defendant Michael Davis moves the Court, pursuant to 18 U.S.C. § 3585, to inform the Bureau of Prisons ("BOP") that the commencement date of defendant's custody, for purposes of calculating his release date, is the date he was charged in this offense as opposed to the date he was sentenced. For the reasons set forth below, defendant's motion is DENIED.

    On December 21, 2007, defendant was sentenced in state court for armed robbery. He was paroled for that offense on January 23, 2014. On July 23, 2015, defendant was arrested in possession of a .45 caliber handgun and was held in custody on a parole violation. Defendant was charged in the Eastern District of Michigan for felon in possession of a

- 1 -

firearm in case number 15-cr -20486, before the Honorable Stephen Murphy, and pleaded guilty to the charge. On June 30, 2016, Judge Murphy sentenced Davis to 36 months incarceration with BOP followed by 24 months supervised release, all concurrent with the remainder of his state parole violation. Defendant was returned to state custody and found in violation of his parole. He was ultimately paroled on October 18, 2017 and was sent to BOP to serve his federal sentence.

On March 28, 2018, defendant was indicted on one count of contempt of court for refusing to testify before this Court after being lawfully subpoenaed. On September 6, 2018, the grand jury issued a superseding indictment with a second count of obstruction of justice. On November 19, 2018, defendant pleaded guilty to both counts without a Rule 11 agreement.

On February 7, 2019, the Court held a sentencing hearing on the instant case. At the time of the hearing, the parole violation sentence for the Michigan armed robbery case was completed. The BOP sentence for the felon in possession case was set to end the next day. The Court sentenced defendant to 70 months incarceration with BOP, followed by 24 months supervised release.

Following the Court's pronouncement of the sentence, the Probation

Officer requested that the sentence be concurrent with the felon in possession case:

> We would recommend that the custody term in this case and also his term of supervised release runs concurrent with Docket Number 15-2 0486 that was imposed by Judge Murphy, felon in possession. He is at the end of the custody term on that case, but he'll be required to start his term of supervised release in that matter once he's released on that case, which will also be the time that he starts supervised release on this one.

ECF No. 21, PageID.111.

Defendant sought a recalculation by BOP of his credit time under the First Step Act on May 19, 2021. On June 4, 2021, Warden J. Bartlett, FCC Beaumont, Texas, denied any change in the calculated Good Conduct Time. The Warden gave the following reasons for his determination:

> A review of this matter revealed credit for time served is precluded under Title 18 United States Code, Section 3585(b). After reviewing your sentence computation, the time is calculated correctly. The Federal Judgement was ordered to run concurrent with the sentence imposed in Case No. 07-14910-02-FC, in the 3rd Circuit Court, Detroit, MI. The federal computation began on June 30, 2016, for Case No. 15-20486-1, which was the date of imposition. The second federal computation for Case No. 2:18cr20211, began on February 7, 2019, and was ordered to run concurrent to the first federal judgement. The time from July 23, 2015 to June 30, 2016, was credited toward the state sentence imposed in Case No. 07-14910-02-FC. Please note the second federal sentence can only begin from the date of imposition which is February 7, 2019. The computation was adjusted to include the second concurrent sentence beginning February 7, 2019. Based on the current review of the sentence computation and the information

above, the federal sentence has been accurately computed in accordance with Bureau of Prisons policy and federal statutes. Defendant filed the pending motion on June 25, 2021.

Under 18 U.S.C. § 3585, the Attorney General is responsible for federal sentence computation decisions. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). This authority has been delegated to the BOP. 28 C.F.R. § 0.96. Therefore, it falls to the BOP, not the district court, to determine when a sentence is deemed to commence and whether a defendant receives credit under 18 U.S.C. § 3585. *See United States v. Wells*, 473 F.3d 640, 645 (6th Cir. 2007).

A prisoner in BOP custody can seek judicial review of a BOP credit calculation only after exhausting his administrative remedies and then filing a habeas petition under 28 U.S.C. § 2241. *Homan v. Terris*, No. 11-CV-15574, 2014 WL 2779972, at *2 (E.D. Mich. June 19, 2014). Defendant has exhausted his administrative remedies through the BOP in this case, but he has not filed a petition to review the BOP's calculation under 28 U.S.C. § 2241. Furthermore, the habeas petition must be filed in the district where the defendant is incarcerated, in this case the Eastern District of Texas. In view of the applicable law, defendant's motion filed in this case is improper.

Now, therefore,

- 5 -

IT IS ORDERED that defendant's motion to credit time served in custody is DENIED without prejudice.

Dated:  September 14, 2021

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 14, 2021, by electronic and/or ordinary mail.

s/B Sauve
Deputy Clerk